ALSUP, Plaintiff in Error, v. Ross & MITCHELL, Defendants in Error.

1. A *qui tam* action, under section 8 of the act regulating marriages, for joining in marriage a minor without the consent of his parent or guardian, will only lie against him who celebrates the marriage.

*Error to Polk Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Wright,* for defendant in error.

I. The act of performing the marriage ceremony, or joining in marriage, is the offence on which the penalty of the statute is inflicted.  (Hill v. Williams, 14 Serg. & R. 287.)  The

statute inflicts the penalty upon the person alone who joins the minor in marriage. It can not, by any implication, be extended to those who may confederate and *advise* the act.

II. Even if Mitchell is in any way liable, he can not be sued jointly with the other defendant. (1 Chitty's Pl. 98 ; Van Santvord's Pl. 111 ; Barnard v. Gosttling, 4 Bos. & Pul. 245.)

III. Plaintiff has no cause of action whatever against Mitchell. The statute gives hime none, and by the common law no action will lie in behalf of a parent for procuring the marriage of an infant child without the parent's consent. (Jones & Gully v. Tevis, 4 Littell, 25.)

SCOTT, Judge, delivered the opinion of the court.

This was a *qui tam* action, instituted by Alsup, the plaintiff, to recover the penalty given by the statute regulating marriages for joining in the bonds of matrimony minors without the consent of their parents or guardians. The defendant Mitchell was charged with having confederated with Ross, the minister, and with having, by his direction and advice, procured the celebration of the marriage by the said Ross. There was a demurrer to the petition, which was sustained as to Mitchell, and overruled as to Ross. The plaintiff thereupon took a non-suit, and after an unsuccessful motion to set it aside, sued out this writ of error.

Without entering into the question as to the regularity of the proceeding, it is obvious that on the merits this non-suit must be confirmed. Penal statutes must be construed strictly. The penalty was only given against him who celebrates the marriage. There is nothing said about aiders or advisers. The statute alone giving a foundation for the proceeding, it can not be made to affect any but those comprehended within its terms.

The other judges concurring, the judgment will be affirmed.